**240**    FEENEY & SHEEHAN BUILDING CO. *v.* STATE OF NEW YORK.

Court of Claims, February, 1923.                    · [Vol. 120

FEENEY & SHEEHAN BUILDING COMPANY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

## Claim No. 16526

Court of Claims, February, 1923.

**Claims against state — delay in building construction — blocking by state of easiest means of transportation.**

While claimant was engaged in the work called for under a contract with the state for the construction of a building upon the state fair grounds at Syracuse, the federal government, at the invitation of the state fair commission, quartered several thousand federal troops with their supplies, horses and equipment upon said ground, and as a result of such occupancy by the troops the most direct and easiest route for the transportation of claimant's supplies was blocked so that it was obliged to haul the supplies over a longer and less suitable route, and for a considerable distance to build a new road. *Held*, that plaintiff having proved the items of increased cost due to the interference of the state with existing facilities upon its lands in the vicinity of the work, to the use of which claimant was entitled, it will be granted an award for such increased cost under the rule laid down in *Uvalde Asphalt Paving Co.* v. *City of New York*, 196 App. Div. 740.

The use granted was a public one made necessary by the exigencies of war and well within the power given to the state fair commission by section 290 of the Agricultural Law.

CLAIM for delays in construction caused by state.

*Joseph A. Murphy*, for claimant.

*Charles D. Newton*, attorney-general (*Edward M. Brown* and *Henry P. Nevins*, of counsel), for state.

CORWIN, J.   Claimant on or about April 3, 1917, entered into a contract with the state of New York, by and through the state fair commission, for the construction of a building upon the state fair grounds at Syracuse.  Subsequently and while claimant was engaged in the execution of said contract the federal government, as a result of an invitation extended by said state fair commission through its president and commissioner of grounds, Edward Schoeneck, quartered several thousand federal troops with their supplies, horses and equipment upon the state fair grounds.  As. a result of the occupancy of the grounds by these troops, the road or street upon said grounds, which was the most direct and easiest route for the transportation of claimant's supplies, was blocked so that claimant was obliged to haul its supplies over a longer and less suitable route and was obliged also to build a new road for a considerable distance.  Said troops occupied all the vacant space in the immediate vicinity of the site of the contract, so the claimant's

material had to be stored at a considerable distance away from the work and hauled to the work as needed; and also greatly interfered with claimant's use of a dock and railroad siding, both of which were on said grounds. This claim is to recover damages caused by such interference.

It is claimed on behalf of the state that said state fair commission lacked authority to permit the use of its grounds by these troops. We think otherwise. Section 290 of the Agricultural Law vests the control and management of the state fair grounds in the state fair commission, as follows: " Such property and any other property hereafter acquired by the state for state fair purposes shall be under the management and control of the state fair commission as hereinafter provided, and they may, from time to time, make rules and provide for the care, preservation and improvement thereof." The use granted was a public one, made necessary by the exigencies of war, and in our opinion was well within the power of the state fair commission.

However, if the federal troops were there without authority, then the state of New York could have caused their removal. Ample and frequent notice was given the state by the claimant of the interference from which claimant suffered. The street, dock and railroad siding, as well as space for storage in the immediate vicinity of the work, were existing facilities upon lands of the state and under its control, to the use of which claimant was entitled. *Horgan* v. *Mayor*, 160 N. Y. 516. Furthermore, prior to the submission of claimant's bid the street, dock and railroad siding had been specifically pointed out to claimant's representative by representatives of the state as being capable of use in the prosecution of the work of the contract. Claimant had the right to use these facilities without unreasonable obstruction, and the state failed in its duty to claimant when it permitted such right to be unreasonably interfered with because of the presence of the troops, whether such troops were there pursuant to authority given by the state of New York or whether they were permitted by the state of New York to remain there without authority.

Claimant has proved the several items of increased cost due to such interference in conformity with the rule laid down in *Uvalde Asphalt Paving Co.* v. *City of New York*, 196 App. Div. 740, and award has been made accordingly.

ACKERSON, P. J., concurs.

Judgment accordingly.